Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED

*February 26, 2025*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>EDDYLSON MARTIN MONROY PATINO<br>MUHAMMAD IRFAN DAGHA<br>ABUELGASIM TARIG SIDDIG<br>OMAR FAROOQ<br>ERIK MIGUEL AGUIRRE<br>GEMALE AHMED SHEALI<br>ANDRES FERNANDO FERMAN | CRIMINAL NO.   **4:25-cr-0066**<br><br>**SEALED** |

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
(Title 18 United States Code, Section 371 – Conspiracy)

**A. INTRODUCTION**

At all times material to this Indictment:

1. **The Gun Control Act**

    a. A "firearms dealer" is any person engaged in the business of selling, renting, leasing, or loaning firearms. The Gun Control Act states that no person shall deal in firearms until he or she has filed an application to do so with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereafter "BATFE") and received a Federal Firearms License (hereafter "FFL") issued by the BATFE. Each Federal Firearms Licensee (hereafter "licensed dealer" or "FFL") must maintain records of the receipt, sale, or other disposition of firearms at his place of business, as long as the business is in operation. Upon the closing of such business, the FFL must forward all of the required firearm

    records to the BATFE Out of Business Section where they are maintained indefinitely.

  b. The law requires that each FFL must maintain in a bound book the record of every firearm receipt, sale, or other disposition. Such record must include the name and address of the person to whom the dealer sells or otherwise disposes of any firearm. The BATFE may inspect the premises, inventory, and record keeping requirements, or trace a firearm sold by the FFL that was later recovered in a crime.

2. **The ATF Form 4473 (Firearms Transaction Record):**

  a. The BATFE Form 4473 (hereafter "Form 4473") is a document used and maintained by the FFL to create a written record of each firearm sale or disposition. The Form 4473 is completed in part by the FFL and in part by the firearms purchaser at the time a firearm is sold or otherwise disposed of. The Form 4473 memorializes that an FFL has taken all precautions required by the BATFE and his license to ensure he does not transfer a firearm to a person who is prohibited from possessing it. Accordingly, among other things, the Form 4473 also requires that the purchaser truthfully answer a series of questions about the firearms transaction.

  b. One important question asked of the firearms purchaser is, "Are you the actual buyer of the firearm(s) listed on this form?" The block on the Form 4473 containing this question goes on to warn that, "You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you." The Form 4473 certification section reemphasizes "I understand that answering "yes" to question 11a *(2016 Form)* 21a *(2020 Form)* 21a *(2022 Form)*, if I am not the actual transferee/buyer, is a crime punishable as a felony under Federal law and may also violate state and/or local law." FFLs must keep each executed Form 4473 at

their place of business and must make them available to the BATFE for inspection.

c. The purpose of the Form 4473 is threefold. The first is to cause FFLs and prospective firearm purchasers alike to take note of any legal impediments to the consummation of a firearms sale before deciding to proceed. The second is to acquire sufficient information about the purchaser to enable the Federal Bureau of Investigation (hereafter "FBI"), through its National Instant Background Checking System (hereafter "NICS"), to perform a criminal history check of the purchaser to verify he or she is not prohibited from possessing a firearm on account of a prior felony conviction or status as an illegal alien, among several other prohibitions. The third purpose of the ATF Form 4473 is to create a traceable record of the sale of a firearm, which permits law enforcement officers in an on-going criminal investigation involving a firearm, to trace the firearm to its last-known purchaser.

d. The information provided by the purchaser of a firearm on the Form 4473 must be true and accurate. It is a felony offense for any person to knowingly provide false information on a Form 4473.

### B. OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about February 01, 2024, and continuing thereafter until on or about June 26, 2024, in the Houston Division of the Southern District of Texas, the defendants,

>EDDYLSON MARTIN MONROY PATINO
>MUHAMMAD IRFAN DAGHA
>ABUELGASIM TARIG SIDDIG
>OMAR FAROOQ
>ERIK MIGUEL AGUIRRE
>GEMALE AHMED SHEALI
>ANDRES FERNANDO FERMAN

did knowingly combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, in connection with the acquisition of firearms from a licensed dealer of firearms within the meaning of that term in Chapter 44 of Title 18 of the United States Code, to knowingly make false written statements and representations to said licensed firearms dealers with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the respective licensed dealers in that the conspirators, represented on ATF Forms 4473 that they were the actual buyers of the firearms, when in fact, as the defendants well knew, they were not the actual buyers of the firearms, in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 924(a)(1)(D).

### C. MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

(1) The conspirators did conspire and purchase firearms from a licensed firearms dealer and falsely represented that they were the actual buyers of the firearms.

(2) The conspirators did purchase said firearms on behalf of others known and unknown to the Grand Jury.

(3) MUHAMMAD IRFAN DAGHA, or one of his agents, would and did organize the purchase of firearms on behalf of EDDYLSON MARTIN MONROY PATINO, who would ultimately receive the firearms.

(4) The conspirators would be directed by MUHAMMAD IRFAN DAGHA, or one of his agents, as to which firearms to purchase.

(5) The conspirators did purchase specific types of firearms as requested by MUHAMMAD IRFAN DAGHA, or one of his agents, who gave the conspirators money to purchase the firearms and payment for making the purchases.

(6) The firearms acquired by the conspirators were ultimately delivered to EDDYLSON MARTIN MONROY PATINO, for later exportation, in violation of Federal law. EDDYLSON MARTIN MONROY PATINO and MUHAMMAD IRFAN DAGHA were aware that firearms were being acquired on their behalf.  Conspirator EDDYLSON MARTIN MONROY PATINO and MUHAMMAD IRFAN DAGHA, are illegally or unlawfully in the United States.

(7) Some of the firearms previously purchased by the conspiracy have been recovered and traced outside of the state of Texas.

### D.  OVERT ACTS

In furtherance of the conspiracy, and to affect the objects thereof, the conspirators performed and caused to be performed, among others,

(1) MUHAMMAD IRFAN DAGHA was acquiring firearms on behalf of EDDYLSON MARTIN MONROY PATINO, for later exportation.

(2) On April 25, 2024, at the direction of MUHAMMAD IRFAN DAGHA, or one of his agents, ABUELGASIM TARIG SIDDIG made a false statement and representation to FFL Academy Sports during the acquisition of two (2) firearms.

(3)  On April 20, 2024, at the direction of MUHAMMAD IRFAN DAGHA, or one of his agents, OMAR FAROOQ made a false statement and representation to FFL Cash America Pawn during the acquisition of two (2) firearms.  On May 13, 2024, at the direction of MUHAMMAD IRFAN DAGHA, or one of his agents, OMAR FAROOQ made a false statement and representation to FFL Circle Pawn during the acquisition of two (2) firearms.  All four (4) firearms were recovered in North Dakota near the Canadian Border on May 15, 2024.

(4) On March 28, 2024, at the direction of MUHAMMAD IRFAN DAGHA, or one of his agents, ERIK MIGUEL AGUIRRE made a false statement and representation to FFL Cash America Pawn during the acquisition of one (1) firearm. This firearm was subsequently recovered in Canada on September 16, 2024.

(5) On May 14, 2024, at the direction of MUHAMMAD IRFAN DAGHA, or one of his agents, GEMALE AHMED SHEALI made a false statement and representation to FFL EZ Pawn during the acquisition of two (2) firearms.

(6) On March 30, 2024, at the direction of MUHAMMAD IRFAN DAGHA, or one of his agents, ANDRES FERNANDO FERMAN made a false statement and representation to FFL AP Pawn during the acquisition of three (3) firearms. On April 19, 2024, at the direction of MUHAMMAD IRFAN DAGHA, or one of his agents, ANDRES FERNANDO FERMAN made a false statement and representation to FFL Ashford Pawn during the acquisition of one (1) firearm. This firearm was recovered in North Dakota near the Canadian Border on May 15, 2024. On May 2, 2024, at the direction of MUHAMMAD IRFAN DAGHA, or one of his agents, ANDRES FERNANDO FERMAN made a false statement and representation to FFL EZ Pawn during the acquisition of two (2) firearms.

In violation of Title 18, United States Code, Section 371

**COUNT TWO**
*(Title 18 U.S.C.§ 924(a)(1)(A) False Statement to a Federal Firearms Licensee)*

On or about April 25, 2024, in the Houston Division of the Southern District of Texas, the defendants,

ABUELGASIM TARIG SIDDIG
MUHAMMAD IRFAN DAGHA

aided and abetted by one another, knowingly made a false statement and representation to FFL Academy Sports, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL Academy Sports, in that ABUELGASIM TARIG SIDDIG acquired:

- Smith & Wesson, Model M&P Magnum, .22 caliber pistol, SN: PKD9579
- Smith & Wesson, Model M&P Magnum, .22 caliber pistol, SN: PKE6935

by executing a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the aforementioned firearm, whereas in truth and in fact he was not the actual buyer of the firearms.

In violation of Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(D) and 2.

### COUNT THREE
*(Title 18 U.S.C.§ 924(a)(1)(A) False Statement to a Federal Firearms Licensee)*

On or about April 20, 2024, in the Houston Division of the Southern District of Texas, the defendants,

OMAR FAROOQ
MUHAMMAD IRFAN DAGHA
EDDYLSON MARTIN MONROY PATINO

aided and abetted by one another, knowingly made a false statement and representation to FFL Cash America Pawn, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL Cash American Pawn, in that OMAR FAROOQ acquired:

- Taurus, Model G3, 9mm caliber pistol, SN: ADL906858

- Taurus, Model PT111G2A, 9mm caliber pistol, SN: ACJ321168

by executing a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the aforementioned firearm, whereas in truth and in fact he was not the actual buyer of the firearms.

In violation of Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(D) and 2.

## COUNT FOUR
*(Title 18 U.S.C.§ 924(a)(1)(A) False Statement to a Federal Firearms Licensee)*

On or about May 13, 2024, in the Houston Division of the Southern District of Texas, the defendants,

**OMAR FAROOQ**
**MUHAMMAD IRFAN DAGHA**
**EDDYLSON MARTIN MONROY PATINO**

aided and abetted by one another, knowingly made a false statement and representation to FFL Circle Pawn, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL Circle Pawn, in that OMAR FAROOQ acquired:

- Glock, Model 17, 9mm caliber pistol, SN: BVFN450
- Glock, Model 22, .40 caliber pistol, SN: BMH535US

by executing a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the aforementioned firearms, whereas in truth and in fact he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(D) and 2.

## COUNT FIVE
*(Title 18 U.S.C.§ 924(a)(1)(A) False Statement to a Federal Firearms Licensee)*

On or about March 28, 2024, in the Houston Division of the Southern District of Texas, the defendants,

ERIK MIGUEL AGUIRRE
MUHAMMAD IRFAN DAGHA
EDDYLSON MARTIN MONROY PATINO

aided and abetted by one another, knowingly made a false statement and representation to FFL Cash America Pawn, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL Cash America Pawn, in that ERIK MIGUEL AGUIRRE acquired:

- Smith & Wesson, Model M&P 9 Shield, 9mm caliber pistol, SN: NFE3855

by executing a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the aforementioned firearms, whereas in truth and in fact he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(D) and 2.

## COUNT SIX
*(Title 18 U.S.C.§ 924(a)(1)(A) False Statement to a Federal Firearms Licensee)*

On or about May 14, 2024, in the Houston Division of the Southern District of Texas, the defendants,

GEMALE AHMED SHEALI
MUHAMMAD IRFAN DAGHA
EDDYLSON MARTIN MONROY PATINO

aided and abetted by one another, knowingly made a false statement and representation to FFL EZ Pawn, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with

respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL EZ Pawn, in that GEMALE AHMED SHEALI acquired:

- Glock, Model 22 Gen4, .40 caliber pistol, SN: WDM391
- Glock, Model 17, 9mm caliber pistol, SN: BUMW773

by executing a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the aforementioned firearms, whereas in truth and in fact he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(D) and 2.

## COUNT SEVEN
*(Title 18 U.S.C.§ 924(a)(1)(A) False Statement to a Federal Firearms Licensee)*

On or about March 30, 2024, in the Houston Division of the Southern District of Texas, the defendants,

ANDRES FERNANDO FERMAN
MUHAMMAD IRFAN DAGHA
EDDYLSON MARTIN MONROY PATINO

aided and abetted by one another, knowingly made a false statement and representation to AP Pawn, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL AP Pawn, in that ANDRES FERNANDO FERMAN acquired:

- Taurus, Model G3C, 9mm caliber pistol, SN: ACH205290
- Taurus, Model G2S, 9mm caliber pistol, SN: ACD797731
- Taurus, Model G2S, 9mm caliber pistol, SN: TMU00079

by executing a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the aforementioned firearms, whereas in truth and in fact he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(D) and 2.

## COUNT EIGHT
*(Title 18 U.S.C.§ 924(a)(1)(A) False Statement to a Federal Firearms Licensee)*

On or about April 19, 2024, in the Houston Division of the Southern District of Texas, the defendants,

ANDRES FERNANDO FERMAN
MUHAMMAD IRFAN DAGHA

aided and abetted by one another, knowingly made a false statement and representation to FFL Ashford Pawn, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL Ashford Pawn, in that ANDRES FERNANDO FERMAN acquired:

- Taurus, Model G2C, 9mm caliber pistol, SN: AEB128346

by executing a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the aforementioned firearms, whereas in truth and in fact he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(D) and 2.

## COUNT NINE
*(Title 18 U.S.C.§ 924(a)(1)(A) False Statement to a Federal Firearms Licensee)*

On or about May 2, 2024, in the Houston Division of the Southern District of Texas, the defendants,

ANDRES FERNANDO FERMAN

MUHAMMAD IRFAN DAGHA
EDDYLSON MARTIN MONROY PATINO

aided and abetted by one another, knowingly made a false statement and representation to EZ Pawn, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL EZ Pawn, in that ANDRES FERNANDO FERMAN acquired:

- Taurus, Model G3C, 9mm caliber pistol, SN: 1KA12676

- Smith & Wesson, Model M&P 9 Shield, 9mm caliber pistol, SN: HKY2833

by executing a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the aforementioned firearms, whereas in truth and in fact he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(D) and 2.

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, the United States of America hereby gives notice that all firearms and ammunition involved in, used in, or intended to be used in the commission of the offenses in violation of Title 18, United States Code, Sections 371, 924(a)(1)(A), which are charged in counts One through Nine, are subject to forfeiture.

## SUBSTITUTE ASSETS

In the event that any of the property subject to forfeiture, as a result of any act or omission of any of the Defendants:

    a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States to seek forfeiture of any other property of the Defendants up to the value of such property pursuant to Title 21 U.S.C. § 853(p).

A TRUE BILL:

Original Signature on File
_____
FOREPERSON OF THE GRAND JURY

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

*Benjamin J. Smith*
_____
Benjamin J. Smith 281-914-8151 (cell)
Special Assistant United States Attorney